**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

MARIO WILFREDO MEJIA-MIRANDA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    21-70828

Agency No. A206-311-254

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2022[**]
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and MOLLOY,[***] District
Judge.

Mario Mejia-Miranda, a native and citizen of El Salvador, petitions for

review of the decision of the Board of Immigration Appeals (BIA) dismissing his

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

appeal of an Immigration Judge's (IJ) order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Substantial evidence supports the agency's finding that Mejia-Miranda does not qualify for asylum because he failed to establish past persecution or a well-founded fear of future persecution by the government or by forces that the government was unable or unwilling to control. *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc)). Mejia-Miranda testified that four men attacked him, "but [he didn't] know who they were." Mejia-Miranda offered no testimony identifying his attackers, stating only that the four men were wearing hoodies, which is insufficient to show the attacks were by government actors. Even taking into account Mejia-Miranda's testimony that the attackers threatened to harm his family if he reported them to the police, *see Davila v. Barr,* 968 F.3d 1136, 1143 (9th Cir. 2020), the only additional relevant evidence Mejia-Miranda was able to provide was testimony from a relative that people "sympathetic of political parties run a risk since gangs have infiltrated in many dependency's of the state." But Mejia-Miranda did not explain why he did not seek protection from the mayor that he worked for, or provide any additional evidence beyond generalized conditions discussing gang violence and political corruption. Thus, substantial

evidence supports the agency's determination that Mejia-Miranda failed to show government acquiescence.

Because Mejia-Miranda fails to meet his burden of proof for asylum, he necessarily fails to meet the higher burden required for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

In his opening brief, Mejia-Miranda did not challenge the BIA's determinations on internal relocation, the reasonableness of his fear of future persecution, or the denial of CAT relief. Any argument on these grounds is therefore waived. *See Escobar Santos v. Garland*, 4 F.4th 762, 764 n.1 (9th Cir. 2021); *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

**PETITION DENIED.**